[No. 798.]

## KATE A. TWIST, Respondent, *v.* THOMAS E. KELLY, ET AL., Appellants.

When Objections to Statement on Motion for new Trial must be made in the Court below.—Where an objection is made to the consideration of an appeal from an order overruling a motion for new trial upon the ground that it does not appear from the transcript that the statement on motion for new trial was filed in time: *Held*, that this court will not notice such an objection unless the transcript shows that it was made in the district court.

Delivery and Change of Possession of Personal Property.—*Held*, upon the authority of *Gray* v. *Sullivan* (10 Nev. 416), that the evidence in this case was sufficient to sustain the finding of immediate delivery and actual and continued change of possession.

Appeal from the District Court of the First Judicial District, Storey county.

This was an action brought by plaintiff to recover the sum of three thousand dollars damages, alleged to have been sustained by plaintiff by the unlawful acts of the defendants in seizing upon certain personal property belonging to the plaintiff. The defendant, Kelly, as sheriff of Storey county, justified the seizure by virtue of a certain writ of attachment to him delivered in the suit of *A. Louck* v. *Wm. Hoffman*, in the district court of said county. The attachment was levied upon the personal property in the United States restaurant.

The testimony offered upon the part of plaintiff tended to show that the plaintiff, Twist, loaned to Hoffman $1,000 in July, 1875, and another $1,000 in August 1875, that on the fifth day of November, 1875, Hoffman executed and delivered to plaintiff an agreement to convey to her, in consideration of the said sum of $2,000, all the "fixtures, furniture, provisions and other articles" in the United States restaurant, upon demand, unless the sum of $2,000 was paid; that on the eighth day of December, 1875, the said Hoffman executed and delivered to plaintiff a bill of sale of all the property in the restaurant, and plaintiff then endorsed upon the note of $2,000: "Paid in full, Dec. 8, 1875"; that the sale was made about one o'clock p. m. of said day; that the plaintiff then,

in person, took possession of the personal property in the restaurant, and remained there until after six o'clock in the evening, giving instructions to the clerk and directing the steward and waiters in relation to the business of the restaurant; that Hoffman was not in the restaurant after the sale was made; that the plaintiff was present and in possession when the sheriff levied upon the property; that meats were bought and charged to the plaintiff, Twist; that plaintiff employed as book-keeper and steward the same persons that had been acting for Hoffman; that she assigned as a reason for such employment the fact that many boarders who worked at night left their buckets, and they were employed because they were acquainted with the business of the restaurant.

On the ninth day of December, 1875, a notice was published in the Enterprise that plaintiff had purchased the property. A notice was served upon the sheriff on the ninth day of December, by the plaintiff, claiming to be the owner of the property and demanding its delivery to her. The property was attached by the sheriff about six o'clock P. M.

The jury found a verdict in favor of plaintiff for $2665 19.

*J. R. Kittrell and T. W. W. Davies*, for Appellants.

*Branson & Stewart* and *J. A. Stephens*, for Respondent.

I. The order of the judge, attempting to extend the time in which to serve statement, or for motion for new trial, should be stricken from the statement on motion for new trial. An appeal from the judgment only brings up the judgment roll. (Comp. Laws, sec. 1266.) As to the record which comes to this court, an appeal from order, on motion for new trial, see C. L. sec. 1258. If the appellant wishes any fact to appear of record other than that which is provided for in the sections above referred to, he must resort to his statement, as provided for in section 1393. Appellants might have moved to correct the record by having a proper certificate that the order extending the time was used on the motion. (*Gregory* v. *Frothingham*, 1 Nev. 253; *Wetherby* v. *Carroll*, 33 Cal. 549; *De Johnson* v. *Sepulbeda*,

5 Id. 149; *People* v. *Honshell*, 10 Id. 83; *Freeborn* v. *Glazer*, 10 Id. 337; *Stone* v. *Stone*, 17 Id. 513; Comp. Laws, secs. 1393, 1401.)

II. Nothing is presumed in favor of the act of the judge, and for these reasons: the order, if a part of the record, is void, and cuts no figure in the case. The record stands as if no order had been made. (*Keller* v. *Chapman*, 34 Cal. 640.) If it is not a statement at all such as the statute contemplates, the objection to its use, as such, can be made in this court in the first instance. (*McWilliams* v. *Herschman*, 5 Nev. 263.) Statement cannot be stricken out on motion. It is error to do so. If it is not filed in time, it is no statement at all, and can be treated as such at any stage of the case. (*Calderwood* v. *Peyser*, 42 Cal. 111.)

III. The assignment of errors is too general. (*Squires* v. *Foorman*, 10 Cal. 298; *Ford* v. *Holton*, 5 Id. 319; *Brown* v. *Tolles*, 7 Id. 398; *People* v. *Jocelyn*, 29 Id. 562; *People* v. *Richmond*, 29 Id. 414; *Mahoney* v. *Van Winkle* 21 Id. 552; *Wixon* v. *B. R. & Auburn W. & M. Co.*, 24 Id. 367; *Walls* v. *Preston*, 25 Id. 59; *Millard* v. *Hathaway*, 27 Id. 119; *Crowther* v. *Rowlandson*, 27 Id. 376; *Barstow* v. *Newman*, 34 Id. 90; *Burnett* v. *Pacheco*, 27 Id. 408.)

IV. The facts of this case, as to the transfer and continuous change of possession of the property in question bring this case fully up to the requirements of the rules laid down in all the adjudged cases, and is a stronger case in this respect than either of the cases of *Gaudette* v. *Travis*, or *Gray* v. *Sullivan*, 10 Nev. 416; and complies fully with the rule laid down in *Doake* v. *Brubaker*, 1 Nev. 218; see also *Campbell* v. *Clarke*, 2 Nev. 243; *Samuels* v. *Gorham*, 5 Cal. 226; *Ford* v. *Chambers*, 28 Id. 13; *Grey* v. *Corey*, 48 Id. 208.

By the Court, Beatty, J.:

This is one of those cases in which the vendee of personal property claims damages for its seizure under process against the vendor, and in which the principal question is whether or not the sale is void as to the creditors of the vendor, by reason of the want of immediate delivery or actual and continued change of possession. The plaintiff recovered judg-

ment in the district court, and the defendants appeal from the judgment and the order of the court overruling their motion for a new trial. The respondent objects to the consideration of the appeal from the order, on the ground that it does not appear from the transcript that the statement on motion for new trial was filed in time. We think, however, that for more than one reason this objection cannot be sustained. In the first place, the statement contained in the transcript does not purport to be the original statement filed by the appellant; but, on the contrary, does purport to be the engrossed statement settled and certified by the district judge. The fact that it is certified by the judge to be a correct engrossed statement proves that the respondent must have proposed amendments to an original statement, and this was a waiver of any objection that the original statement was not filed in time. In the next place, the transcript contains a copy of an order made by the district judge before the time for filing the statement had expired, extending the time for filing it, and it appears to have been filed within the time so extended. The respondent, it is true, contends that this order is not properly a part of the record of the case, and must be ignored because it does not appear to have been used or referred to on the hearing in the court below, and because as a matter of fact it was not so used or referred to. On the same ground she objects to the consideration of a number of other papers which were on file in the district court at the time of the hearing, and are included in the transcript, all of which go to show that the original statement was filed in time. Without conceding the correctness of the position of counsel with respect to these papers—that they cannot be considered here. because they were not *actually used* on the hearing of the motion in the district court, and are not indorsed with a certificate to that effect, we say, that if this position is correct, it proves conclusively that his objection to the statement was not made in time. If he had objected at the hearing of the motion in the district court to any consideration of the settled statement, on the ground that the original statement had not been filed in time, all the papers and documents

on file bearing upon that question would have been used, and would then, on his own theory, have been properly included in the transcript. By failing to make the objection then, when it might have been met by the appropriate proofs, he must be held to have waived it. The case of *McWilliams* v. *Herschman* (5 Nev. 363), does not sustain him in his position that he may raise the objection to the statement in this court for the first time. We are quite satisfied with the correctness of the decision in that case, but it is not applicable to this. There the objection to the statement was that it contained no specification of the errors relied on by the moving party, and it was properly held 'that this intrinsic and incurable defect might be taken advantage of at any time. But the case is very different when the objection is based upon extrinsic matters which must be decided upon the evidence afforded by affidavits, and notices, and orders, and other documents on file in the district court. In one case there is nothing to be decided but a pure question of law, arising upon and fully presented by the record. In the other, the question to be decided is one of fact, which can be investigated nowhere so conveniently as in the district court, and which no one is so competent to decide, especially in case of a conflict of evidence, as the district judge. It ought, therefore, to be first raised in the district court, and if either party is dissatisfied with the decision of that court, the motion to disregard the statement and all the evidence adduced upon the hearing, can be made a part of the case on appeal, and can then be fairly reviewed. If there is no question as to the regularity of the steps taken in moving for a new trial, it is desirable on grounds of convenience, as well as economy, that the transcript should not be encumbered with papers which serve no other purpose than to show that the moving party has proceeded regularly; and we, therefore, take occasion to make the announcement that this court will not notice an objection to the statement on motion for new trial based upon the ground taken by the respondent in this case, unless the transcript shows that the objection has been made in the district court, and the mov-

ing party thereby afforded an opportunity of supplying the necessary proofs, if they exist.

Upon the merits of the case presented by the statement on motion for new trial there is little to be said. The only point urged by the counsel for appellant in his argument before this court is, that the evidence did not show a sufficient delivery and change of possession of the goods in controversy to bind creditors of plaintiff's vendor. But taking the construction given by this court to the provisions of the statute of frauds relating to this subject in the case of *Gray* v. *Sullivan* (10 Nev. 416), it is clear that the evidence was sufficient to sustain a finding of immediate delivery and actual and continued change of possession, and upon the authority of that case the judgment must be-affirmed.

Judgment and order affirmed.